UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| OSCAR MORALES, | Case No. 3:24-cv-00136-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| HOLIDAY BY ATRIA SENIOR LIVING, | |
| Defendant. | |

*Pro se* Plaintiff Oscar Morales filed an amended complaint bringing claims against his former employer for national origin discrimination, gender discrimination, and retaliation under Title VII of the Civil Rights Act and for age discrimination under the Age Discrimination in Employment Act ("ADEA"). (ECF No. 8 ("Amended Complaint").) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin, screening Plaintiff's Amended Complaint and recommending that the Court dismiss Plaintiff's claims with leave to amend. (ECF No. 9.) Objections to the R&R were due July 9, 2024. (*See id.*) To date, Morales has not objected to the R&R. For this reason, and for the reasons further explained below, the Court will adopt the R&R in full and will dismiss this action with leave to file a second amended complaint.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). In the R&R, Judge Baldwin

screens the Amended Complaint.[1] (ECF No. 9 at 2-6.) A complaint in an *in forma pauperis* ("IFP") action is subject to dismissal when the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e); Fed. R. Civ. P. 12(b)(6); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (noting that the standard for determining whether a plaintiff has stated a claim under Section 1915(e) is the same as the standard under Federal Rule of Civil Procedure 12(b)(6)). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

First, Judge Baldwin screens Plaintiff's Title VII discrimination claims, and finds that Morales fails to state either a gender or national origin discrimination claim because the Amended Complaint does not include sufficient facts to show that he experienced an adverse employment action that materially affected the compensation, terms, conditions, and privileges of his employment as a result of his gender or national origin. (ECF No. 9 at 4.) *See* 42 U.S.C. § 2000e-5; *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (noting that to establish a Title VII discrimination claim, a plaintiff must allege that (1) he is a member of a protected class; (2) he was qualified for his position and performing his job satisfactorily; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside of his protected class were "treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination"). The Court agrees with Judge Baldwin that Plaintiff fails to state facts that give rise to an inference of discrimination based on his gender or national origin leading his discharge from employment as a chef at Defendant Holiday by

---

[1]The Court previously screened and dismissed Plaintiff's original complaint (ECF No. 1-1) with leave to amend to allow Morales to demonstrate he had exhausted administrative remedies prior to bringing his claims in federal court. (ECF No. 4.) Morales subsequently submitted a notice of right to sue letter demonstrating that he met the exhaustion requirement (ECF No. 6) and filed the Amended Complaint (ECF No. 8) now before the Court.

Atria Senior Living. While Morales states that he was discharged without proper paperwork and without cause despite satisfactory performance, he does not provide any facts in the Amended Complaint to specifically indicate that this occurred because he is male and/or Hispanic or that other similarly-situated individuals saw different outcomes. The Court thus dismisses Plaintiff's Title VII discrimination claims, but grants leave to amend because Plaintiff could plausibly state facts to support required elements.

Second, Judge Baldwin screens Plaintiff's Title VII retaliation claim. (ECF No. 9 at 4-5.) *See* 42 U.S.C. § 2000e-5. The Court again agrees with Judge Baldwin that Plaintiff has failed to state a retaliation claim because, while Morales alleges that he was improperly terminated, he fails to allege any facts supporting that he was engaged in a *protected* activity related to the termination. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008) (noting that a Title VII retaliation claim requires facts supporting that a plaintiff (1) engaged in a protected act; (2) he suffered some sort of adverse employment action; and (3) there was a causal connection between his protected action and the adverse act). In particular, while Morales alleges that Defendant was opposed to his attempts to improve working conditions, he does not allege adequate facts to support that this activity was protected or that Defendant's practices were unlawful. *See* 42 U.S.C. § 12203(a) (providing that an employer may not retaliate against an employee because he has opposed any unlawful act or practice). Thus, the Court dismisses Plaintiff's retaliation claim with leave to amend to state facts indicating that his activity while employed at Atria was protected by law or that he protested practices by Defendant which were unlawful.

Finally, Judge Baldwin screens Plaintiff's age discrimination claim under the ADEA and finds that he has failed to adequately allege a *prima facie* case for discrimination. (ECF No. 9 at 5-6.) *See* 29 U.S.C. §§ 623(a)(1), 631(a) (prohibiting an employer from discharging an employee who is over 40 years of age because of the employee's age). *See also Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (discussing circumstantial evidence of age discrimination and establishing a burden-

shifting framework for a *prima facie* case of discrimination under the ADEA in which a former employee bringing a claim must allege, in part, that they were "either replaced by [a] substantially younger [employee] with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination"). Here, Plaintiff fails to state facts to support that he was either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *See Diaz*, 521 F.3d at 1207. Thus, the Court dismisses Plaintiff's ADEA claim with leave to amend to adequately plead such facts.

In granting Plaintiff leave to file a second amended complaint to cure the deficiencies in the Amended Complaint, the Court notes—as laid out in detail in the R&R—that any second amended complaint must be complete in itself and may not include new unrelated claims against other defendants. (ECF No. 9 at 6.)

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 9) is accepted and adopted in full.

It is further ordered that Plaintiff's Amended Complaint (ECF No. 8) is dismissed without prejudice and with leave to amend to cure the deficiencies outlined in the R&R and this order. If Plaintiff chooses to file a second amended complaint, he must do so within 30 days from the date of entry of this order.

It is further ordered that if Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, this action will be dismissed without prejudice.

DATED THIS 23rd Day of July 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE