UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OSCAR MORALES,<br><br>                Plaintiff,<br><br>v.<br><br>HOLIDAY BY ATRIA SENIOR LIVING,<br><br>                Defendant. | Case No. 3:24-CV-00136-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Oscar Morales's ("Morales") second amended complaint (ECF No. 11), which the Court screens pursuant to 28 U.S.C. § 1915A.

**I.     BACKGROUND**

On March 22, 2024, Morales initiated this action against his former employer, Defendant Holiday by Atria Senior Living ("Defendant"), for alleged employment discrimination. (ECF No. 1-1.) This Court screened the Complaint, (ECF No. 4), and dismissed the complaint without prejudice and with leave to amend to allow Morales to demonstrate he had exhausted administrative remedies prior to bringing his claims to federal court. The Court ordered that Morales should file his amended complaint by no later than May 9, 2024. (*Id.*)

On May 2, 2024, Morales submitted his notice of right to sue letter, satisfying this Court that Morales exhausted his administrative remedies prior to initiating this lawsuit. (ECF No. 6.) However, Morales did not file his amended complaint in compliance with the Court's screening order. Thus, considering Morales's *pro se* status and for good cause appearing, the Court *sua sponte* granted Morales an extension of time to file his amended

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

complaint. (ECF No. 7.)

On June 6, 2024, Morales filed his amended complaint, (ECF No. 8), which the Court screened and dismissed without prejudice and with leave to amend based on Morales's failure to state a claim upon which relief could be granted. (ECF No. 9.) Morales was put on notice of the deficiencies of his complaint and given the opportunity to amend his complaint. Thus, on July 24, 2024, Morales filed his second amended complaint, which the Court now screens. (ECF No. 11.)

## II.    SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling

on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III.    SCREENING OF SECOND AMENDED COMPLAINT**

In his second amended complaint, Morales sues his former employer, Defendant for national origin and gender discrimination under Title VII of the Civil Rights Act ("Title VII"). (ECF No. 11.) Morales does not specify his desired relief. (*Id.*)

Morales alleges the following: Morales was employed by Defendant as a Chef from January 9, 2023 to June 1, 2023. (*Id.* at 2, 4.) Morales performed his job satisfactorily until his discharge. (*Id.*) Morales alleges that he was suspended on May 25, 2023. (*Id.* at 4.) Morales states "Defendant did not follow the rules of conduct when the fired [him]."

(*Id.* at 2.) He also states that Defendant "treated [him] differently, [he] was ask[ed] to not return and turn in the keys. Nothing else, nothing to sign." (*Id.*) Finally, Morales states that he "feels harassed and retaliated against [and he] feels his national origin (Hispanic), and sex (Male) subjected him to different adverse terms and conditions." (*Id.* at 5.) Based on these allegations, Morales asserts claims for gender and national origin discrimination under Title VII.

      **A.**      **Discrimination under Title VII**

Title VII allows an individual to sue an employer for discrimination on the basis of race, color, religion, gender, or national origin. *See* 42 U.S.C. § 2000e-5. Morales alleges discrimination on the basis of gender, and national origin. To establish a Title VII discrimination claim, a plaintiff must allege: (1) he is a member of a protected class; (2) he was qualified for his position and performing his job satisfactorily; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside of his protected class were "treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt.*, *Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (citation omitted); *see also* 42 U.S.C. § 2000e-3(e). An adverse employment action is one that materially affects the compensation, terms, conditions, and privileges of employment. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008).

Morales's complaint consists only of conclusory statements that he was "harassed and retaliated against" based on his national origin and sex. However, Morales fails to state either a gender or national origin discrimination claim. Morales does not provide the Court with sufficient factual allegations to show that he experienced <u>an adverse employment action</u> that materially affected the compensation, terms, conditions, and privileges of his employment, <u>*based* on his gender, and/or national origin</u>. His complaint contains merely a "formulaic recitation of the elements of a cause of action," and does not contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. His pleading does not "contain something more. . . than. . . a

statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted).

That said, it is a "longstanding rule that [l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130 (quotation omitted). The law is clear that before a district court may dismiss a pro se complaint for failure to state a claim, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Accordingly, the Court recommends that Morales be given one final opportunity to cure the deficiencies of his complaint. Thus, the Court recommends dismissal of the Title VII discrimination claims, with leave to amend.

### B.    Leave to Amend

Consistent with the above, the Court recommends that Morales be granted leave to file a third amended complaint to cure the deficiencies of the complaint. If Morales chooses to file a third amended complaint, he is advised that a third amended complaint supersedes (replaces) the second amended complaint and, thus, the third amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Morales should clearly title the amended pleading as "Third Amended Complaint." For <u>each</u> claim, he must allege true <u>facts</u> sufficient to show that the Defendant discriminated against him. Morales may not amend the complaint to add unrelated claims against other defendants.

The Court notes that, if Morales chooses to file a third amended complaint curing the deficiencies, as outlined in this order, Morales should file the third amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation. If Morales chooses not to file a third amended complaint curing the

5

stated deficiencies, the Court recommends dismissal of this action for failure to state a claim.

## IV. CONCLUSION

For the reasons stated above, the Court recommends that Morales's second amended complaint, (ECF No. 11), be dismissed with leave to amend.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Morales's second amended complaint, (ECF No. 11), be **DISMISSED, with leave to amend**.

**IT IS FURTHER RECOMMENDED** this that if Morales chooses to file a third amended complaint curing the deficiencies of his complaint, as outlined in this order, Morales shall file the third amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation.

**IT IS FURTHER RECOMMENDED** that if Morales chooses not to file a third amended complaint curing the stated deficiencies, that this action be dismissed.

**DATED**: August 23, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**