UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

OSCAR MORALES,

                Plaintiff,

v.

HOLIDAY BY ATRIA SENIOR LIVING,

                Defendant.

Case No. 3:24-cv-00136-MMD-CLB

ORDER

        The Court previously screened *pro se* Plaintiff Oscar Morales's Second Amended Complaint and dismissed his claims without prejudice and with leave to amend. (ECF Nos. 12, 14.) Morales filed a proposed Third Amended Complaint.[1] (ECF No. 13 ("TAC").) Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin, screening Plaintiff's TAC and recommending that the Court dismiss Plaintiff's claims with prejudice because amendment would be futile and because Morales has had multiple opportunities to correct deficiencies. (ECF No. 15.) Objections to the R&R were due October 8, 2024. (*See id.*) To date, Morales has not objected to the R&R. For this reason, and for the reasons further explained below, the Court will adopt the R&R in full and will dismiss this action with prejudice.

        Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). Screening the TAC, Judge Baldwin finds that Plaintiff makes only conclusory allegations about harassment and

---

[1] Morales filed his proposed TAC before the Court issued its order (ECF No. 14) adopting Judge Baldwin's R&R screening the Second Amended Complaint. (ECF Nos. 12, 13.) The Court nevertheless treats the TAC as filed in compliance with that order.

retaliation, despite the Court's previous orders instructing him to state additional facts to support the elements of his claims under Title VII of the Civil Rights Act. (ECF No. 15 at 3-5.) *See* 42 U.S.C. § 2000e-5; *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (noting that to establish a Title VII discrimination claim, a plaintiff must allege that (1) he is a member of a protected class; (2) he was qualified for his position and performing his job satisfactorily; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside of his protected class were "treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination"). As Judge Baldwin notes, Morales does not provide factual allegations in the TAC to show that he experienced an adverse employment action *based* on his national origin or gender. (ECF No. 15 at 4-5.) The Court has given Morales notice of the deficiencies in his Title VII claims and multiple opportunities to amend. (ECF Nos. 4, 9, 10, 12, 14.) The Court thus agrees with Judge Baldwin that dismissal with prejudice is appropriate, as further amendment would be futile.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 15) is accepted and adopted in full.

The Clerk of Court is directed to file Plaintiff's proposed Third Amended Complaint (ECF No. 13).

It is further ordered that Plaintiff's Third Amended Complaint (ECF No. 13) is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 15th Day of November 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE